# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN W. J. SULLIVAN, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. 1:10-cv-01269-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS LARGE AND NOYCE'S MOTION TO DISMISS BE DENIED<br><br>(Doc. 16)<br><br>TWENTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Recommending Motion to Dismiss be Denied**

**I.    Procedural History**

Plaintiff Brent Adler, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 15, 2010. This action for damages is proceeding on Plaintiff's amended complaint, filed on August 1, 2011, against Defendants Sullivan, Gonzalez, Carrasco, Bryant, Large, Steadman, and Noyce for denial of adequate outdoor exercise, in violation of the Eighth Amendment of the United States Constitution.

On December 4, 2012, Defendants Large and Noyce (Defendants) filed a motion to dismiss for failure to state a claim upon which relief may be granted.[1]  Fed. R. Civ. P. 12(b)(6). Plaintiff filed an opposition on December 26, 2012, and after obtaining an extension of time, Defendants filed a reply on January 16, 2013. The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(l).

---

[1] Defendants Bryant, Carrasco, Gonzalez, and Steadman have been granted an extension of time to file a response to Plaintiff's amended complaint, and service of process has not yet been effected on Defendant Sullivan.

## II. Discussion

### A. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007), *cert. denied*, 553 U.S. 1031 (2008); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Statutory Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and it must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(1), (2). The Court screened Plaintiff's original and amended complaints and in screening the original complaint, it issued a detailed order which resulted in the dismissal of some claims and leave to amend as to others. (Doc. 8.)

The screening standard does not differ from the standard governing Rule 12(b)(6) motions, *Watison*, 668 F.3d at 1112, and therefore, the Court generally views motions to dismiss for failure to state a claim with disfavor in cases such as this. Unless a motion sets forth new or different grounds not previously considered by the Court, it is disinclined to "'rethink what it has already thought.'" *Sequoia Forestkeeper v. U.S. Forest Service*, No. CV F 09-392 LJO JLT, 2011 WL 902120, at *6 (E.D.Cal. Mar. 15, 2011) (quoting *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998)).

**C.    Statute of Limitations**

**1.    Parties' Positions**

Defendants first argue that Plaintiff's claim arising from the denial of exercise between February 2006 and May 23, 2006, is barred by the statute of limitations.

Pursuant to the screening order filed on June 28, 2011, Plaintiff's claims arising from the period of time during which he received no exercise pending classification and from the periods of time during which he received seven hours of exercise per week were dismissed, with prejudice, for failure to state claim. Based on Plaintiff's allegations, it appeared that for most of this time period, Plaintiff received seven hours of exercise per week, excluding the period during which he was pending classification. However, because Plaintiff's complaint was not entirely clear, there may have been some period of time between February 2006 and May 23, 2006, during which he received fewer then seven hours of exercise per week and it is only those periods which are still at issue.

Defendants argue that because Plaintiff's claims accrued at the time he was denied adequate outdoor exercise, between the two-year statutory tolling provision for incarceration and the two-year statute of limitations, he had four years from the accrual of his claims to file suit. Defendants also argue that although equitable tolling during the period of administrative exhaustion is available, the periods of statutory tolling and equitable tolling run concurrently rather than consecutively.

3

In opposition, Plaintiff argues that the statute of limitations is tolled until release from prison, at which time the two-year tolling provision begins to run.

### 2. **Legal Standard**

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Jones*, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied, *McDonald*, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, *id.* at 101-03.

///

4

3.  **Findings**

Plaintiff's interpretation of the statutory tolling provision is incorrect. Prior to the enactment of section 352.1(a) on January 1, 1995, prisoners serving a sentence of less than life could toll claims for their entire sentence; however, under section 352.1(a), the tolling period is limited to two years. *Johnson v. State of Cal.*, 207 F.3d 650, 654 (9th Cir. 2000) (quotation marks omitted). After the two-year statutory tolling period has expired, the two-year statute of limitations begins to run. *Id.*

Applying the prison mailbox rule, Plaintiff filed suit sometime between June 28, 2010, the date the complaint was signed, and July 15, 2010, the date the complaint was received and filed. *Douglas*, 567 F.3d at 1107-09. Thus, unless Plaintiff is entitled to equitable tolling, he had four years from the date of accrual of his claims and those claims which accrued between February 2006 and May 23, 2006, are time barred, as Defendants argue.

There is an absence of binding authority on the issue of whether statutory tolling and equitable tolling run concurrently such that the period of equitable tolling is subsumed by the two-year statutory tolling period or consecutively such that prisoners are entitled to the statutory tolling period of two years plus the period of equitable tolling, even if the tolling periods are occurring simultaneously.

Some district courts, relying upon *Rose v. Petaluma & Santa Rosa Ry. Co.*, 64 Cal.App. 213, 217, 221 P. 406 (Cal.Ct.App. 1923), *disapproved by Harris v. Industrial Accident Commission of California*, 204 Cal. 432, 438, 268 P. 902 (Cal. 1928), have held that the period of administrative exhaustion, which equitably tolls the statute of limitations, is subsumed within the two-year statutory tolling provision for the disability of imprisonment. *Lopez v. Schwarzenegger*, No. CIV S-09-1760 MCE GGH P, 2012 WL 78377, at *4-5 (E.D. Cal. Jan. 10, 2012), *adopted in full*, 2012 WL 671680 (E.D. Cal. Feb. 29, 2012); *Gutierrez v. Butler*, No. CIV S-06-2684 LKK EFB P, 2008 WL 436948, at *2-3 (E.D. Cal. Feb. 14, 2008), *adopted in full*, 2008 WL 795006 (E.D. Cal. Mar. 25, 2008); *see also Reece v. Basi*, No. 2:11-CV-2712 GEB AC, 2013 WL 1339048, at *7-8 (E.D. Cal. Apr. 3, 2013) (findings and recommendations; on May 28, 2013, the district court declined on other grounds to adopt the recommendation on the statute of limitations issue); *Givens v. City and County of San Francisco*, No. C-06-2505 EMC (pr), 2012 WL 929661, at *6-8 (N.D. Cal. Mar. 19, 2012) (prisoner

5

not entitled to tack statutory tolling period under California Gov't Code § 945.3 to statutory tolling period under section 352.1). The *Rose* case, however, addressed the statutory exception to the statute of limitations under the Workmens' Compensation Act, an exception which provided for tolling if the employee was totally disabled and bedridden.

In stating that "the exemption period cannot be extended by the connection of one disability with another; in other words, a succession of disabilities cannot be tacked upon the first disability so as to prevent the operation of the statute," the court in *Rose* was addressing the employee/applicant's attempt to claim the tolling benefit based on an event which occurred after the initial injury. *Rose*, 64 Cal.App. at 217. The employee/applicant argued that although the statute of limitations had begun to run when he was injured, it was subsequently tolled when he became bedridden and it remained tolled until six months after the intervening disability was terminated. *Id.* The appellate court held that the employee/applicant was not entitled to benefit from the tolling provision because his claimed disability was not a continuous one *present at the time his claim accrued* and once the statute commenced to run, no subsequent disability could arrest it. *Id.* The discussion in *Rose* regarding tacking disabilities together cannot be divorced from the holding, and in *Harris*, the Supreme Court of California disapproved the holding and dismissed the comments by the court in *Rose* as "obiter dictum." *Harris*, 204 Cal. at 438. This disapproval undermines the support provided by *Rose* for the proposition that when equitable tolling for administrative exhaustion coexists with statutory tolling for the disability of imprisonment, equitable tolling is subsumed within the statutory tolling period.

Regardless, the district court cases previously cited involved situations where administrative exhaustion occurred during the two-year statutory tolling period. In this case, the two-year statutory tolling period expired between February 2008 and May 2008, depending upon the period of exercise denial at issue, and the statute of limitations began to run. Plaintiff then filed an inmate appeal in November 2008, which was denied at the final level of review on July 28, 2009. (Doc. 1, Comp., Ex. 1.) Assuming without deciding that this appeal would suffice to entitle Plaintiff to equitable tolling between November 2008 and July 2009 for claims which accrued between February 2006 and May 23, 2006, a finding that Plaintiff is entitled only to the two-year statutory tolling period and not

to equitable tolling during an entirely separate period of subsequent administrative exhaustion is simply not supportable under California law, which clearly provides for equitable tolling during administrative exhaustion. *McDonald*, 45 Cal.4th at 101-03. It may be that this is not the appeal which exhausted Plaintiff's February 2006 through May 2006 claims, but which appeals constituted pursuit of the administrative remedies for those claims cannot be determined from the pleadings.

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint,'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh*, 465 F.3d at 997), *cert. denied*, 131 S.Ct. 3055 (2011), and "'it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim,'" *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)). Generally, the fact-specific determination of the applicability of equitable tolling is ill-suited to resolution on a motion to dismiss, and this case presents no exception. *Pesnell v. Arsenault*, 543 F.3d 1038, 1042 (9th Cir. 2008); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). On the record before it, it is unclear whether Plaintiff is entitled to equitable tolling with respect to the claims which accrued between February and May 2006 and if so, for what period of time. In the absence of evidence on that issue, the Court is precluded from determining whether a period of equitable tolling coexisted with the two-year statutory tolling period, and if one did, whether the period of equitable tolling is subsumed by the two-year statutory tolling period or should instead be tacked onto it.

Therefore, the Court recommends that Defendants' motion to dismiss the claims which accrued between February 2006 and May 23, 2006 as barred by the statute of limitations, be denied without prejudice.

**D.    Violation of Prison Policy**

Defendants next argue that Plaintiff cannot pursue a claim for relief based on violation of prison policy because the violation is not actionable under section 1983.

In opposition, Plaintiff states that he is not alleging a violation of prison policy.

7

1   Defendants correctly assert that violation of state law does not give rise to a claim for relief
2   under section 1983. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Ove v. Gwinn*, 264
3   F.3d 817, 824-25 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir.
4   1997). However, the screening orders in this case make it abundantly clear that Plaintiff is
5   proceeding on his claim that Defendants violated the Eighth Amendment of the United States
6   Constitution.

   **E.   Violation of the Eighth Amendment**

   Finally, Defendants argue that Plaintiff's allegations do not support a claim for violation of
   the Eighth Amendment.

   **1.   Objective Element**

   In this case, the Court issued a very detailed screening order setting forth the applicable legal standard and addressing Plaintiff's allegations. As a result of that screening order, Plaintiff's Eighth Amendment claims arising from the four temporary, short term periods in which he did not get any outdoor exercise and his Eighth Amendment claims arising from the time periods during which he received seven hours of weekly outdoor exercise were dismissed, with prejudice, for failure to state a claim. Plaintiff was granted leave to amend with respect to the remaining time periods during which he received between two and five hours of exercise weekly. Plaintiff filed an amended complaint and the Court found that it was sufficient to cure the deficiencies identified in the screening order. No basis for revisiting these orders has been identified, and it bears repeating that the screening standard is the same as the standard governing motions under Rule 12(b)(6).[2]

   Defendants cite to several decisions for the proposition that even severe restrictions on access to outdoor exercise have passed constitutional muster. However, the decisions in *Pierce v. County*

---

[2] Defendants acknowledge the screening orders in their reply but not in their motion. While Defendants are correct that the issuance of a screening order does not create a bar which precludes them from moving to dismiss for failure to state a claim, they are nonetheless in the position of having to persuade the Court to reverse its position on issues previously determined. Given that the legal standard for screening and for 12(b)(6) motions is the same, the burden on Defendants in moving to dismiss should not be viewed as inconsequential and it should be acknowledged rather than ignored. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (internal quotations marks and citations omitted).

8

*of Orange*, 526 F.3d 1190 (9th Cir. 2008), *Hosna v. Groose*, 80 F.3d 298 (8th Cir. 1996), and *Spain v. Procunier*, 600 F.2d 189 (9th Cir. 1979) were not issued at the pleading stage without the benefit of evidence. To the contrary, the factual records in those cases were well-developed.

The law in this Circuit is clear on the two relevant points. First, inmates have a constitutional right to outdoor exercise under the Eighth Amendment, and it has long been established that "'ordinarily the lack of outside exercise for extended periods is a sufficiently serious deprivation' for Eighth Amendment purposes." *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010) (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010). In the absence of any binding brightline rule and without the benefit of evidence regarding the context in which the periods of exercise were determined, the Court declines to find that two to five hours of exercise per week is, as a matter of law, constitutionally sufficient.

Second, the Ninth Circuit has made it abundantly clear that the threshold for surviving scrutiny at the pleadings stage, be it on screening or a motion to dismiss, is low and pro se litigants are entitled to leniency and liberality in the construction of their pleadings. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-14 (9th Cir. 2012); *Wilhelm*, 680 F.3d at 1121-23; *Watison*, 668 F.3d at 1112. Given that Plaintiff alleges (1) receiving only minimal weekly outdoor exercise (2) over a period of years (3) to the detriment of his mental and physical health, he allegations easily survive review of their sufficiency at the pleading stage. *Thomas*, 611 F.3d at 1151 (denial of outdoor exercise for 13 months and 25 days was sufficiently serious to support an Eighth Amendment claim); *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (6 ½ week denial of outdoor exercise sufficient to support a claim); *May v. Baldwin*, 109 F.3d 557, 565-66 (9th Cir. 1997) (temporary 21 day denial of outdoor exercise with no medical effects does not support a claim for relief); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (45 minutes of outdoor exercise per week for 6 weeks was sufficient to satisfy objective element of Eighth Amendment claim). Whether, for example, two, three, four, or five hours of outdoor exercise per week is sufficient to satisfy the Constitution remains to be determined, but Defendants are not entitled to finding at this stage that it passes constitutional muster as a matter of law, particularly given the absence of any explanation or justification for the exercise schedule (e.g., the existence of a lock-down following a riot).

### 2. **Subjective Element**

With respect to the subjective element, Plaintiff must demonstrate awareness of the substantial risk of harm. Liability lies if Defendants knew of the risk of harm; liability does not lie if Defendants should have known but did not. *Farmer*, 511 U.S. at 842; *Thomas*, 611 F3d. 1144, 1150-51 (9th Cir. 2010). However, "'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) (quoting *Farmer*, 511 U.S. at 842).

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934, but supervisors such as Defendants Large and Noyce may be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

In this Circuit, the importance of outdoor exercise is indisputable and the risk of harm to inmates deprived of outdoor exercise for an extended period of time is sufficiently obvious to satisfy the existence of subjective intent so long as there is some linkage between the deprivation at issue and the named defendants. *Thomas*, 611 F.3d at 1151-52. Defendants Large and Noyce both held supervisory positions and Plaintiff alleges that he placed them on notice that he was not receiving adequate outdoor exercise.[3] If a supervisor is placed on notice of the actions or omissions which

---

[3] The Court acknowledges the typographical error made by Plaintiff in paragraph 55 regarding the date of *June* 12, 2006, an error addressed by both sides. Given the allegations in both pleadings, which include the correct date of *July* 12, 2006, in paragraph 15, and the screening order filed on June 28, 2011, the Court is not persuaded that another round of pleadings to correct a typographical error is in the interest of justice. Both sides are aware that

form the basis of the alleged constitutional violation and he fails to take remedial action, he may be held liable under section 1983. *Starr*, 652 F.3d at 1205. Therefore, Defendants' argument that Plaintiff's amended complaint fails the support the existence of any subjective intent is unpersuasive. *Thomas*, 611 F.3d at 1151-52; *Foster*, 554 F.3d at 814.

### 3. **Qualified Immunity**

Finally, Defendants argue they are entitled to qualified immunity, which shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001); *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. *Pearson*, 555 U.S. at 236, 129 S.Ct. at 818 (overruling holding in *Saucier* that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); *Mueller*, 576 F.3d at 993-94.

### b. **Clearly Established Right**

Having already determined that Defendants' conduct violated the Eighth Amendment, the Court must determine whether the right was clearly established. "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable officer would understand

---

Plaintiff was out to court on June 12, 2006, and it is sufficiently clear that the hearing at issue, which involved Defendants Large and Gonzalez, allegedly occurred on July 12, 2006.

11

that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508 (2002). While the reasonableness inquiry may not be undertaken as a broad, general proposition, neither is official action entitled to protection "unless the very action in question has previously been held unlawful." *Hope*, 536 U.S. at 739. "Specificity only requires that the unlawfulness be apparent under preexisting law," *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) (citation omitted), and prison personnel "can still be on notice that their conduct violates established law even in novel factual circumstances," *Hope*, 536 U.S. at 741. The salient question is whether the state of the law in between 2006 and 2008 gave Defendants fair warning that their alleged treatment of Plaintiff was unconstitutional. *Hope*, 536 U.S. at 741 (quotation marks omitted).

As previously stated, a prisoner's right to outdoor exercise has long been established and the long term deprivation of exercise violates the Eighth Amendment. *Keenan v. Hall*, 83 F.3d 1083, 1089-90 (9th Cir. 1996); *Allen*, 48 F.3d at 1087-88. What the evidence will show remains to be seen, but the contours of the right to adequate outdoor exercise were sufficiently clear by 2006 that a reasonable officer would know that he was required to ensure outdoor exercise, in the absence of some intervening safety or security concern.[4] *See Noble v. Adams*, 646 F.3d 1138, 1141-48 (9th Cir. 2011) (as of 2011, the law was not clearly established as to how or when a prison facility must return to normal operations, including exercise, during a state of emergency called in response to a riot in which inmates attempted to murder staff).

At this juncture, the Court must accept Plaintiff's allegations as true and draw all inferences in his favor, and it does not have before it the evidence which will be relevant in determining whether the amount of outdoor exercise Plaintiff received was constitutionally adequate under the circumstances which existed. *See Noble*, 646 F.3d at 1141-48; *Pierce*, 526 F.3d at 1211-12; *Spain*, 600 F.2d at 199-200. Aside from the periods in which Plaintiff received two to three hours per week, Plaintiff also alleges that one week a month, he was denied outdoor exercise completely and the deprivation was considered long term in light of Ninth Circuit precedent. Whatever ultimate

---

[4] Plaintiff alleges that Defendants blamed overcrowding and inadequate space and staffing for the exercise schedule, but budgetary constraints are not a shield to liability. *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (citing *Spain*, 600 F.2d at 200).

determination results regarding the periods of two to three hours per week, two to three days per week, the law was sufficiently clear that reasonable prison officials would have known that the long term deprivation of regular outdoor exercise without adequate justification or explanation - zero exercise one week per month and exercise one day per week - was unlawful. *Pierce*, 526 F.3d at 1213 (requiring exercise at least two days a week for not less than two hours per week); *Spain*, 600 F.2d at 199 (one hour of exercise per day, five days per week); *see also Noble*, 646 F.3d at 1142-43. Defendants Large and Noyce are sufficiently linked to the periods of zero exercise one week per month and/or exercise only one day per week, and accordingly, the Court recommends that Defendants' motion to dismiss on the ground of qualified immunity be denied, without prejudice to renewal at a later stage in these proceedings, supported by evidence. (Amend. Comp., ¶¶15, 23, 30, 34, 63.)

### III.  **Conclusion and Recommendation**

Plaintiff's amended complaint states a claim upon which relief may be granted for violation of the Eighth Amendment, as determined by the Court when it screened the amended complaint. *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112; *Silva*, 658 F.3d at 1101; *Hebbe*, 627 F.3d at 342. It is the Court's expectation that in moving to dismiss for failure to state a claim, Defendants will acknowledge the existence of any screening orders and identify with specificity the grounds for dismissal given the Court's prior rulings regarding sufficiency of the claims. To do otherwise is to unnecessarily and without justification multiply the proceedings.

While the Court agrees that Plaintiff's amended complaint is not a model of clarity due to the various time periods at issue, it is minimally sufficient to demonstrate that (1) for periods of time over the course of several years, Plaintiff was provided with limited outdoor exercise, including periods where he was getting no exercise for one week every month and periods where he was getting outdoor exercise only one day per week, and (2) Defendants Large and Noyce were on notice of those exercise limitations.

Finally, Defendants are not entitled to qualified immunity in light of Plaintiff's allegation that on a regular, long term basis, he was subjected to periods of no outdoor exercise and periods of exercise only one day per week.

Accordingly, the Court HEREBY RECOMMENDS that Defendants Large and Noyce's motion to dismiss for failure to state a claim, filed on December 4, 2012, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 9, 2013**                                        /s/ Sheila K. Oberto
                                                                                UNITED STATES MAGISTRATE JUDGE