# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN W. J. SULLIVAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | Case No.  1:10-cv-01269-AWI-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS LARGE AND NOYCE'S MOTION TO DISMISS, AND REQUIRING THEY FILE AN ANSWER<br><br>(Docs. 16 and 31)<br><br>ORDER DENYING DEFENDANTS BRYANT, CARRASCO, GONZALEZ, AND STEADMAN'S MOTION TO DISMISS, WITHOUT PREJUDICE<br><br>(Doc. 30)<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Brent Adler, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 15, 2010.  This action for damages is proceeding on Plaintiff's amended complaint, filed on August 1, 2011, against Defendants Sullivan, Gonzalez, Carrasco, Bryant, Large, Steadman, and Noyce for denial of adequate outdoor exercise, in violation of the Eighth Amendment of the United States Constitution.

　　　　The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Defendants Large and Noyce filed a motion to dismiss on December 4, 2012.  On July 10, 2013, the Magistrate Judge filed a findings and recommendations recommending the motion be denied.  The parties were given twenty days within which to object, and Defendants Large and Noyce filed objections on July 30, 2013.  Plaintiff did not file a response.  Local Rule 304(b), (d).  However, on July 31, 2013, Plaintiff filed what appears to be an opposition to Defendant's underlying motion.  On August 7, 2013, Defendants Large and

1  Noyce filed a reply brief.

2  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. The Court finds Defendants' objections unpersuasive.

It is well-established that a claim may be dismissed as untimely pursuant to a 12(b)(6) motion *only* when the running of the statute of limitations is apparent on the fact of the complaint. *E.g,. U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Industries, Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)) (quotation marks omitted). Given the possible applicability of equitable tolling, Defendants are not entitled to dismissal at the pleading stage, although they are not precluded from raising the issue again in a motion for summary judgment. *Id.*

Next, the screening standard and the 12(b)(6) standard are the same, and Plaintiff's allegations are to be construed in the light most favorable to him. *Watison v. Carter*, 668 F.3d 1108. 1112 (9th Cir. 2012). Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *Id.* (citing *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999)) (quotation marks omitted). For the reasons articulated by the Magistrate Judge, Plaintiff's allegations are sufficient to survive the pleading stage. (Docs. 8, 11, 31.) Defendants' contention that there is no factual basis for imposition of liability on them lacks merit. Knowledge of a violation and the failure to take reasonable measures to abate it, which Plaintiff alleges, suffice to state claim under the Eighth Amendment, *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010), and it is Plaintiff who is entitled to the benefit of any doubt in construing the allegations in the complaint, *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Finally, contrary to Defendants' contention, Plaintiff's allegations were found to state a claim for violation of his rights under the Eighth Amendment. The basic right to outdoor exercise has been established for many years. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005);

*Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995); *LeMaire v. Maas*s, 12 F.3d 1444, 1457 (9th Cir. 1993).  The right is not absolute or indefeasible nor does it trump all other considerations, *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) (quotation marks omitted), but in this case, Plaintiff does not allege he was denied outdoor exercise due to a riot or other emergency situation under which prison officials might reasonably but mistakenly believe they were acting lawfully, *Noble v. Adams*, 646 F.3d 1138, 1143 (9th Cir. 2011); *Norwood*, 591 F.3d at 1070.

Defendants are not precluded from revisiting the issue of qualified immunity on summary judgment.

The Court HEREBY ORDERS as follows:

1. The findings and recommendations filed on July 10, 2013, is adopted in full;
2. Defendants Large and Noyce's motion to dismiss for failure to state a claim, filed on December 4, 2012, is DENIED;
3. Defendants Large and Noyce shall file an answer to Plaintiff's amended complaint within **thirty (30) days**;
4. Defendants Bryant, Carrasco, Gonzalez, and Steadman's motion to dismiss, filed on July 3, 2013, is DENIED, without prejudice to renewal on any grounds which were not determined by the resolution of Defendants Large and Noyce's motion to dismiss; and
5. Within **thirty (30) days** from the date of service of this order, Defendants Bryant, Carrasco, Gonzalez, and Steadman must either renew their motion to dismiss subject to the limitations of this order or file an answer.

IT IS SO ORDERED.

Dated:   November 5, 2013                                  _____
                                                                                SENIOR  DISTRICT  JUDGE

3