# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN W. J. SULLIVAN, et al.,<br><br>    Defendants. | Case No. 1:10-cv-01269-AWI-SKO (PC)<br><br>ORDER REFERRING CASE TO PRISONER SETTLEMENT PROGRAM AND SETTING SETTLEMENT CONFERENCE<br><br>Date: June 12, 2014<br>Time: 10:30 a.m.<br>Place: Courtroom 9 (SAB) |

    Plaintiff Brent Adler, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 15, 2010.  Upon review, the Court finds it appropriate to refer this action to the Prisoner Settlement Program and to set it for a settlement conference on June 12, 2014, at 10:30 a.m. before United States Magistrate Judge Stanley A. Boone in Courtroom #9 of the United States District Court, 2500 Tulare Street, Fresno, California, 93721.

    Accordingly, the Court HEREBY ORDERS as follows:

    1.    This case is referred to the Prisoner Settlement Program and set for a settlement conference on June 12, 2014, at 10:30 a.m. at United States District Court, 2500 Tulare Street, Courtroom #9, Fresno, California, 93721.

1       2.      Defendants' lead counsel and a person with full and unlimited authority to
2 negotiate and enter into a binding settlement on Defendants' behalf shall attend in person.[1]
3       3.      Those in attendance must be prepared to discuss the claims, defenses and relief
4               sought. The failure of any counsel, party or authorized person subject to this order
5               to appear in person may result in the imposition of sanctions. In addition, the
6               conference will not proceed and will be reset to another date.
7       4.      Each party shall (1) provide a confidential settlement conference statement,
8               described below, to Sujean Park, ADR Division, 501 I Street, Suite 4-200,
9               Sacramento, California, 95814, or via e-mail at spark@caed.uscourts.gov, to arrive
10              no later than **May 29, 2014**, and (2) file a Notice of Submission of Confidential
11              Settlement Conference Statement (See Local Rule 270(d)).
12              Settlement statements **should not be filed** with the Clerk of the Court **or served on**
13              **any other party**. Settlement statements shall be clearly marked "confidential"
14              with the date and time of the settlement conference indicated prominently thereon.
15              The confidential settlement statement shall be **no longer than five pages** in length,
16              typed or neatly printed, and include the following:
17              a.      A brief statement of the facts of the case.
18              b.      A brief statement of the claims and defenses, e.g., statutory or other grounds
19                      upon which the claims are founded; a forthright evaluation of the parties'

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences. . . ." *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval by Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, No. CV02-1886PHX DGC, 2003 WL 23353478, at *3 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).

        likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c.   A summary of the proceedings to date.

   d.   An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

   e.   The relief sought.

   f.   The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

   g.   A brief statement of each party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

Dated:   **March 26, 2014**                    **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE