# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WARDEN W. J. SULLIVAN, et al.,<br><br>　　　　　　Defendants.<br>_____/ | Case No.  1:10-cv-01269-AWI-SKO (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND STAYING SCHEDULING ORDER<br><br>(Doc. 45) |

**I.     Procedural History**

Plaintiff Brent Adler, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 15, 2010. This action for damages is proceeding on Plaintiff's amended complaint, filed on August 1, 2011, against Defendants Sullivan, Gonzalez, Carrasco, Bryant, Large, Steadman, and Noyce for denial of adequate outdoor exercise, in violation of the Eighth Amendment of the United States Constitution.

The operative scheduling order in this case was filed on December 9, 2013, and pursuant to the order, the deadline for the completion of all discovery is August 9, 2014, and the deadline for filing pretrial dispositive motions is October 20, 2014. (Doc. 39.) On April 11, 2014, Defendants filed a motion to modify the scheduling order to stay the discovery and motion deadlines pending the settlement conference set for June 12, 2014. Plaintiff filed an opposition on April 18, 2014,

and Defendants filed a reply on April 23, 2014.  The motion has been submitted upon the record without oral argument.  Local Rule 230(*l*).

## II.     Parties' Positions

Defendants seek to stay the discovery and motion deadlines pending the settlement conference to avoid the expenditure of resources on litigation costs, which will have the effect of preserving all available funds for settlement.

Plaintiff objects on the grounds that Defendants' request serves only to further delay the case and that Defendants have failed to serve even initial disclosures.  Fed. R. Civ. P. 26(a).  Plaintiff also expresses skepticism over the possibility of settlement and represents that the parties are far apart on the issue.

In reply, Defendants challenge, in relevant part, the propriety of Plaintiff's statement regarding their settlement positions given that counsel is still in the process of obtaining settlement authority from the California Department of Corrections and Rehabilitation and counsel has neither made a settlement offer nor indicated how much settlement authority has been requested.

## III.    Discussion

Plaintiff's objections are noted.  However, any intimation that Defendants have delayed the case is unfounded.  Delays occurred during the screening phase of this litigation and during resolution of Defendants' motion to dismiss.  While unfortunate, those delays were a direct result of the volume of cases pending in this district coupled with a shortage of judicial resources.[1]

Next, Plaintiff's assertion regarding initial disclosures is misplaced, as this action is exempt from the initial disclosure requirement.  Fed. R. Civ. P. 26(a)(1)(B)(iv).

The Court also agrees that Plaintiff's concerns regarding the feasibility of settlement are premature.  Defendants' counsel is an officer of the court and she "has a duty of good faith and candor in dealing with the judiciary."  *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1119 (9th Cir. 2000).  Participation in a settlement conference for the sole purpose of obtaining a stay of discovery and without any intention of engaging in good faith settlement

---

[1] Judges in the Eastern District of California bear the heaviest per-judge caseload in the nation.

negotiations would unquestionably violate that duty, and the Court declines to assign such ill motive to counsel in the absence of evidence of any such motive.

Finally, the resource considerations at issue are not limited to private resources. To the contrary, government resources are involved on the part of both the judiciary and the defense. If this case can be settled, both Plaintiff and Defendants are better served by the avoidance of the unnecessary expenditure of litigation costs pending the settlement conference. Plaintiff has not shown any prejudice to him from a comparatively brief stay and Court can discern none. The stay will not affect Plaintiff's ability to engage in full discovery, as the Court will modify the deadlines as appropriate should the case not settle on June 12, 2014. Furthermore, Plaintiff is not precluded from continuing to expend his own resources preparing for discovery and drafting discovery requests, should he choose to do so. He is only precluded from serving the requests on Defendants pending the settlement conference.

Accordingly, the Court finds that Defendants have demonstrated good cause for their request and in the absence of any actual prejudice to Plaintiff, their motion shall be granted. Fed. R. Civ. P. 16(b); *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

**IV.   Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion for modification of the scheduling order, filed on April 11, 2014, is GRANTED;

2. The scheduling order is STAYED pending the settlement conference set for June 12, 2014, and

3. If the case does not settle, or if the settlement conference is vacated by Judge Boone based on his review of the parties' confidential settlement conference statements, the Court will issue an amended scheduling order setting new deadlines.

IT IS SO ORDERED.

Dated:   **April 30, 2014**                              **/s/ Sheila K. Oberto**
                                                                      UNITED STATES MAGISTRATE JUDGE